W. H. DYER v. THE STATE.

No. 14903. · Delivered February 17, 1932.

The opinion states the case.

*J. R. Creighton,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for maintaining a lottery; punishment, a fine of $350.

Appellant is charged with maintaining a lottery by reason of his having placed in the store of a Mr. Reck at Mingus, Texas, a machine called a mint vender from which, according to the state's testimony, would come, upon the dropping of a coin or metal check, therein, either mints or metal checks good for five cents in trade, or both mints and checks. The machine in its operation, as testified to by the state witnesses, would seem one within the forbiddance of our law against maintaining a lottery. The witness who played at said machine while in the store of Mr. Reck said he dropped a nickel in the slot and there came out a package of mints and metal checks; that he dropped some of these checks back into the slot and other similar checks came out until he had some twenty in all; that he then gave these twenty checks to the daughter of the proprietor of the store in exchange for a sack of flour. This witness did not mention any inscription upon the checks referred to, and said he had played at the machine only once.

The state introduced Mr. Hale who testified that at the office of the justice of the peace at Strawn, Texas, he played at a machine which he was told came out of Reck's store; that he got out of it at the time checks on which were printed the words "This check is good for five cents in trade." He said he never saw a machine in Reck's store, and only knew it to be the one which had been taken out of said store, because of being told that fact. This testimony was objected to and the objection preserved in a bill of exception. We think the admission of the testimony, under the facts contained in this record, erroneous. While it is possible that the state might have shown by some witness that the machine which had been in Mr. Reck's store at Mingus, was later carried to the office of the justice of the peace at Strawn and was the one played at by Hale,— we find no such connecting testimony in the record. Had there been, a different question would be presented. There being nothing to connect the machine played at by Mr. Hale in Strawn, with the machine taken from Reck's store in Mingus, it appears that the objection to this testimony should have been sustained. It was material to show that checks which came out of the machine which had been in Reck's store, had printed upon them the inscription above referred to. This fact was not shown by any witness but Hale.

The state was permitted to show by officer Bradford that prior to the time of the exhibition of this machine, he had a conversation with appellant, and refused to permit appellant to place machines like the one in Reck's store, in the various stores in Palo Pinto county. We are of opinion that this testimony was subject to the objection made by appellant, that it tended to convey to the jury the opinion of said witness that the exhibition of the machines would be a violation of the law. We see no legitimate issue in the case to which said testimony was pertinent.

By another bill of exception complaint is made of the testimony of

officer Bradford, in substance, that at the time he took up the machine described in the instant case at Mingus, he also took up in the same town other machines, one of which was a quarter of a dollar slot machine that paid off in money. There was no testimony that appellant was connected with this machine. Proof that it was taken up at the same time and in the same comparatively small town, might have led to the belief on the part of the jury that appellant was operating that machine, which conclusion might have affected the jury in finding a verdict in this case. We are not led to believe the other bills of exception present complaints which should be sustained.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*